UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE *EX PARTE* APPLICATION OF THE UPPER BROOK COMPANIES FOR AN ORDER DIRECTING DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. §1782 | Misc. Case No. 22-mc-97 (PKC) |

**PROTECTIVE ORDER**

WHEREAS, on March 30, 2022 the Upper Brook Companies (also referred to herein as the "Petitioners") commenced this proceeding by way of an *ex parte* application under 28 U.S.C. § 1782 ("Application") for an order authorizing them to serve a subpoena (the "Subpoena") on JPMorgan Chase Bank, N.A. ("J.P. Morgan") requiring the production of "[d]ocuments from 2007 to the present in [J.P. Morgan's] possession, custody or control, concerning or relating to all U.S. dollar transactions into and out of the [a certain bank account (the "PIAM Account")], including but not limited to all Communications related to the aforementioned transactions" (the "Discovery"); and

WHEREAS, information contained in the Discovery contains and constitutes confidential, non-public business information, financial records and trade secrets of Palladyne International Asset Management B.V. and its affiliates (collectively, "PIAM"); and

WHEREAS, pursuant to an Order entered on April 11, 2022 ("Order"), the Court granted the Application, subject to giving notice to PIAM (ECF 13); and

WHEREAS, PIAM made a motion (the "Motion") (ECF 24) seeking to vacate the Order and quash the Subpoena or, in the alternative, to modify the Subpoena and enter a protective order maintaining the confidentiality of the Discovery; and

1

WHEREAS, on December 23, 2022 the Court issued an order (ECF 41, as corrected in ECF 43 (December 29, 2022)), declining to vacate the Order or quash the Subpoena but (1) 'narrow[ing] the temporal scope of the Subpoena to the period after January 1, 2013", and (2) directing the parties to "meet and confer on a proposed protective order limiting use of the Discovery to the proceedings described in the Upper Brook Companies' opposition to the Motion and otherwise maintain confidentiality over the documents," or, failing agreement to submit their respective proposed protective orders by January 13, 2023.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Discovery shall be treated as strictly confidential and shall not be used or disclosed by any recipient other than in accordance with the terms of this Protective Order.

2. Notwithstanding anything to the contrary in this Protective Order, the Protective Order does not apply to the Discovery to the extent that the Discovery and/or information contained in the Discovery are known to the Upper Brook Companies from a source other than the Discovery itself, now or in the future, or become available to the public now or in the future.

3. J.P. Morgan shall be requested to emboss or stamp the Discovery so that each page shows the notation: CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER ENTERED BY THE US DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. Failing that, the Upper Brook Companies shall add such notation to all electronic and hard copies of the Discovery and delete or destroy all copies that do not show this notation.

4. The Discovery may only be used or disclosed by the Petitioners and PIAM in connection with "a) litigation pending in the Netherlands ... to recover [funds allegedly diverted from the Petitioners to PIAM's bank account]; b) litigation pending ... to remove the Board of Directors of [Palint Stichting ("Palint")], c) proceedings that the Petitioners reasonably

contemplate bringing in the Netherlands and elsewhere against PIAM, Palint, and other individuals and entities who participated in or benefited from the [alleged] scheme to divert funds from the Petitioners, and d) criminal investigations into the conduct of [PIAM and Palint (the "PIAM Entities")] and their principals underway in Libya, the Netherlands and elsewhere." (Together, the "Foreign Proceedings") (ECF 28 at 6).

5. The Discovery may only be used or disclosed by any person bound by this Protective Order as follows:

   a. To any officer, director or employee of a party who the party reasonably believes can assist with the analysis and/or use of the Discovery or to whom counsel of the party is required to report. Before any of the Discovery is disclosed for this purpose, each such person must agree to be bound by this Protective Order by signing a document substantially in the form of Exhibit A.

   b. To a witness or prospective witness ("Witness") in any of the Foreign Proceedings, for purposes of giving testimony or preparing to give testimony, whether at trial, hearing, or deposition, but such materials may not be copied or retained by the Witness in any form. Before any of the Discovery is disclosed for this purpose, the party working with the Witness must ask the Witness to agree to be bound by this Protective Order by signing a document substantially in the form of Exhibit A. The aforementioned party is not required to obtain the aforementioned signature before disclosing the Discovery to the Witness testifying at a trial, hearing, or deposition if the Witness declines to sign the form.

   c. To an outside expert who has been retained to assist or testify in any of the Foreign Proceedings. Before any of the Discovery is disclosed for this purpose,

each such person must agree to be bound by this Protective Order by signing a document substantially in the form of Exhibit A.

d.   To counsel of record and in-house counsel for parties to the Foreign Proceedings, and their associates, paralegals, and regularly employed office staff, insofar as reasonably necessary for them to assist in the conduct of such proceedings.

e.   In submissions to and/or hearings before the courts in any of the Foreign Proceedings insofar as the Discovery is reasonably pertinent to any such proceeding.

f.   To law enforcement agencies which are conducting criminal investigations into the conduct of PIAM and/or Palint and their principals underway in Libya, the Netherlands and elsewhere.

g.   To law enforcement agencies which may have jurisdiction over potentially criminal conduct reflected in the Discovery, including, but not limited to, disclosures to law enforcement agencies which require disclosure of criminal conduct.

h.   To copying services, translators, litigation support vendors and the like insofar as reasonably necessary in furtherance of the uses of the Discovery permitted hereunder. Before any of the Discovery is disclosed to such persons, each such person must agree to be bound by this Protective Order by signing a document substantially in the form of Exhibit A.

i.  In connection with a) communications with the Court regarding the Application, Subpoena and/or Protective Order, and/or b) new submissions to U.S. courts seeking additional discovery pursuant to 28 U.S.C. Section 1782, provided that any such communication or submission shall make application to the Court to permit the filing of any of the Discovery and/or information from the Discovery.

6.  Insofar as signed acknowledgements are required and/or obtained under Paragraph 5, above, counsel for the Upper Brook Companies shall maintain a collection of signed acknowledgments, and shall provide copies of such documents to the Court promptly upon request and to PIAM if so directed by the Court.

7.  For avoidance of doubt, if Discovery is disclosed in submissions to and/or hearings before the courts in any of the Foreign Proceedings (as permitted under Paragraph 5(e)) or to a foreign law enforcement agency (as permitted under Paragraph 5(f)), then any further disclosure of the Discovery by those authorized recipients is not subject to the terms of this Protective Order and is instead subject to confidentially protections, if any, under local law.

8.  The Upper Brook Companies agree to provide PIAM with a copy of the Discovery, along with any communications received from J.P. Morgan concerning the Discovery, upon receipt from J.P. Morgan, and PIAM agrees to be bound by each of the terms of this Protective Order as it relates to the Discovery and the information contained therein.

9.  Any notes, lists, memoranda, indices, compilations prepared or based on an examination of the Discovery, or any other form of information (including electronic form) that quote from, paraphrase, copy or disclose the Discovery or information therefrom shall be accorded the same status of confidentiality as the underlying material from which they were

made and shall be subject to all terms of this Protective Order.

10. A person having custody of any of the Discovery shall maintain such material in a manner that limits access to the Discovery to persons permitted such access under this Protective Order.

11. The Upper Brook Companies agree that promptly after becoming aware that all of the Foreign Proceedings have concluded, they will permanently delete all electronic versions and destroy all hard copy versions of the Discovery and all materials that incorporate information from them, and will direct all persons who have received copies of the Discovery to do the same. The Upper Brook Companies will provide written confirmation to PIAM's counsel that they have done so.

12. The Upper Brook Companies and PIAM agree that this Court shall retain jurisdiction over them and over any third party that signs Exhibit A for the purpose of enforcing this Protective Order.

13. The restrictions imposed by this Protective Order may be modified or terminated only by further order of this Court.

IT IS SO ORDERED,

Dated: February 21, 2023

_____
The Honorable P. Kevin Castel
United States District Judge

## EXHIBIT A

I have been informed by counsel for the Upper Brook Companies that certain documents or information to be disclosed to me in connection with

are required to be maintained as confidential pursuant to a Protective Order entered by the United States District Court for the Southern District of New York (the "Protective Order").

I have been provided with a copy of the Protective Order, have reviewed it, and hereby agree to be bound by its terms. I agree that I will not use or disclose any information contained in such documents to any other person except as permitted by the Protective Order.

I further agree not to use any such information for any purpose other than the matter referred to above.

I hereby consent and submit to the jurisdiction of the United States District Court for the Southern District of New York solely with respect to proceedings to enforce the terms of the Protective Order.

_____          DATED:_____

Signed in the presence of:

_____(Attorney)